UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-702 PSG (EMx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Gunter Zielke et al. v. Scott Eric Rosenstiel, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**    **The Court REMANDS the case**

Before the Court is a motion to remand and a motion for a temporary restraining order ("TRO") by Plaintiffs Gunter Zielke and Prapapun Zielke ("Plaintiffs"). *See* Dkts. # 9 ("*Remand Mot.*"); # 10 ("*TRO Mot.*").  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having reviewed the moving papers, the Court **GRANTS** Plaintiffs' motion to remand and **RENDERS MOOT** the motion for a TRO.

I.    Background

Plaintiffs brought this suit against Defendants Scott Eric Rosenstiel and Martha Stern ("Defendants") and in Los Angeles County Superior Court alleging quiet title, slander of title, and fraud. *Request for Judicial Notice*, Dkt. # 17 ("*RJN*"), Ex. 1 ("*FAC*").[1]  On April 18, 2018, Defendants removed the case to the Central District Court of California, alleging federal question jurisdiction. *See* No. CV 18-3247 R (KSx), Dkt. # 1.  On September 13, 2018, Judge Manuel L. Real remanded the case, holding that Plaintiffs had not demonstrated that this case involves a federal question. *Id.*, Dkt. # 27 ("*First Remand Order*").

On January 30, 2019, Plaintiffs removed the case for the *second time* to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*").  Defendant now moves to remand the case *again* and asks the Court to issue a TRO to enjoin all Defendants from entering the real property that is at issue in this case. *See generally Remand Mot.; TRO Mot.*

---

[1] The Court takes judicial notice of court records referenced in this motion to establish the fact of filings in prior suits. *See Jergens v. Ohio Dept. of Rehab. and Corr. Adult Parole Auth.*, 492 F. App'x 567, 569 (6th Cir. 2012).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-702 PSG (EMx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Gunter Zielke et al. v. Scott Eric Rosenstiel, et al. | | |

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

## III. Discussion

### A. Motion to Remand

In their Notice of Removal ("NOR"), Defendants argue that jurisdiction is proper because (1) Plaintiffs' rights in the subject property were conferred upon them by a 2011 judgment of this Court; (2) Plaintiffs are seeking to enforce judgments of this Court upon Defendants; and (3) the case "really and substantially involves a dispute or controversy respecting the validity, construction and effect of these Judgments." *NOR* 13:4–8. These are the same grounds that Defendants cited in their first attempt to remove the case, which Judge Real rejected. *See First Remand Order* at 2. For the same reasons, the Court finds that remand is warranted again.

The 2011 judgment that Defendants refer to is the Court's prior order in *United States of America v. Zielke*, which ordered a tax sale of the subject property to satisfy Plaintiffs' unpaid federal income taxes. *See* No. 07-5767 PSG (AJWx), Dkt. # 163. The order was later vacated after the judgment was satisfied. *See id.*, Dkts. # 182, 188. Therefore, the United States no longer has an interest in the subject property and there is no federal law alleged to be violated. Nor are Plaintiffs seeking to enforce any federal court judgment. Even if they were, enforcing or challenging a federal judgment that the court has not retained continuing jurisdiction over is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-702 PSG (EMx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Gunter Zielke et al. v. Scott Eric Rosenstiel, et al. | | |

insufficient to create federal question jurisdiction. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998). Rather, Plaintiffs bring only state law claims as they seek to quiet title by expunging a number of documents from the records of the Los Angeles County Recorder and to obtain damages for Defendants' fraudulent conduct in connection with the subject property. *See generally FAC.*

As there is no federal question, and Defendants have not alleged any other basis for federal jurisdiction, the Court **REMANDS** the case to state court.

B. <u>Motion for a Temporary Restraining Order</u>

Because the Court lacks jurisdiction over this case, it cannot hear Plaintiffs' motion for a TRO. Therefore, the motion for a TRO is **RENDERD MOOT**.

C. <u>Sanctions</u>

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Granting the court discretion to award attorneys' fees in these instances "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

In this case, Defendants' meritless attempt to remove this case the *second time*, based on the same reasons as argued before, supports a finding of bad faith. As there was no objectively reasonable basis for removal, the Court **AWARDS** Plaintiffs attorneys' fees and costs incurred as a result of removal. Plaintiffs are **ORDERED** to file an application for attorneys' fees and costs with a supporting affidavit outlining an itemization and description of the work performed by **March 1, 2019**. Defendants may file an opposition no later than **March 8, 2019**. Plaintiffs shall not file a reply unless one is ordered. The Court will retain jurisdiction following remand to resolve the award of attorneys' fees and costs. *Moore v. Permanente Med. Grp., Inc.*, 981

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-702 PSG (EMx) | Date | February 14, 2019 |
|---|---|---|---|
| Title | Gunter Zielke et al. v. Scott Eric Rosenstiel, et al. | | |

F.2d 443, 445 (9th Cir. 1992) (holding that a district court may retain jurisdiction over attorneys' fees issue after remand).

Lastly, the Court warns Defendants and their counsel that if they continue to make baseless arguments before this Court (in a third notice of removal or otherwise), the Court will consider further sanctions against them and their counsel.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand. The case is **REMANDED** to Los Angeles Superior Court (No. BC628570). Plaintiffs are further **ORDERED** no later than **March 1, 2019** to file an application for attorneys' fees and costs with a supporting affidavit outlining an itemization and description of the work performed. Defendants may file an opposition no later than **March 8, 2019**.

Further, because the Court lacks jurisdiction over the case, Plaintiffs' motion for a TRO is **RENDERED MOOT**.

**IT IS SO ORDERED.**